UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stefan Mrgan, III, deceased, by and through his Personal Representative Alison Elizabeth Mrgan, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>GLOCK, Inc., Umarex USA Inc., J.W. Inc. d/b/a Coastal Firearms, and Jon Whitley,<br><br>Defendants. | Civil Action No. 2:24-cv-07306-BHH<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1446(a), defendant Umarex USA Inc. ("Umarex"), by and through its attorneys, Robinson Gray Stepp & Laffitte, LLC and Renzulli Law Firm, LLP, hereby removes this case from the Court of Common Pleas for the Ninth Judicial Circuit of Charleston County, South Carolina to the U.S. District Court for the District of South Carolina – Charleston Division. In support of the grounds for removal, Umarex states as follows:

1.  This is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states as between Plaintiff and all properly joined defendants. Umarex is accordingly entitled to remove this case pursuant to 28 U.S.C. § 1441(a) & (b).

2.  On or about November 2, 2024, Plaintiff commenced an action in the Court of Common Pleas for the Ninth Judicial Circuit of Charleston County, South Carolina, captioned *Stefan Mrgan, III, deceased, by and through his Personal Representative Alison Elizabeth Mrgan, Individually v. Glock, Inc., Umarex USA Inc., J.W. Inc. d/b/a Coastal Firearms, and Jon Whitley*,

No. 2024-CP-10-05537 ("New State Court Action"). Attached hereto as Exhibit 1 is a copy of the docket sheet, Complaint, and all other filings made to date in the Court of Common Pleas for the Ninth Judicial Circuit of Charleston County, South Carolina.

3. A copy of the Summons and Complaint was served on Umarex on November 18, 2024, and therefore this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. At the time of his death, Stefan Mrgan, III ("Mrgan") was a citizen of South Carolina and therefore Plaintiff is a citizen of South Carolina pursuant to 28 U.S.C. § 1332(c)(2).

5. At the time of the commencement of this action and at all times thereafter, Umarex has been and is an Arkansas corporation with its principal place of business in Arkansas and is therefore a citizen of Arkansas pursuant to 28 U.S.C. 1332(c)(1).

6. At the time of the commencement of this action and at all times thereafter, Glock, Inc. has been and is a Georgia corporation with its principal place of business in Georgia and is therefore a citizen of Georgia pursuant to 28 U.S.C. 1332(c)(1).

7. At the time of the commencement of this action and at all times thereafter, J.W. Inc. d/b/a Coastal Firearms ("Coastal Firearms") has been and is a South Carolina corporation with its principal place of business in South Carolina and is therefore a citizen of South Carolina pursuant to 28 U.S.C. 1332(c)(1).

8. At the time of the commencement of this action and at all times thereafter, Jon Whitley ("Whitley") has been and is a citizen of South Carolina.

9. As set forth in detail below, Coastal Firearms and Whitley were fraudulently joined as defendants and therefore their citizenship can be disregarded for purposes of determining diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2).

10. There is complete diversity of citizenship between Plaintiff and all properly joined defendants and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

11. Upon information and belief, defendant Glock, Inc. was served on November 14, 2024. Attached hereto as Exhibit 2 is a consent to removal by Glock, Inc.

12. Upon information and belief, defendants Coastal Firearms and Whitley have not yet been served and their consent to removal is not required because they are fraudulently joined.

## Underlying Incident

13. Whitley is the owner and operator of Coastal Firearms. Compl. ¶ 5.

14. On November 2, 2021, Whitley intentionally shot Mrgan in the face with a Glock Model 17 pistol ("Glock Pistol") sold by Glock, Inc., resulting in his death ("Incident"). Compl. ¶¶ 10-11.

15. There was also a Umarex GUW019 air pistol ("Umarex Air Pistol"),[1] which is a replica of a Glock pistol sold by Umarex, at Coastal Firearms at the time of the Incident. Compl. ¶ 12.

16. Plaintiff alleges that Whitley picked up the Glock Pistol and intentionally shot Mrgan with it, mistakenly believing that it was the Umarex Air Pistol. Compl. ¶ 13

## Prior Pending Action

17. On or about April 10, 2023, Plaintiff commenced an action in the Court of Common Pleas for the Fourteenth Judicial Circuit of Charleston County, South Carolina, captioned *Stefan Mrgan, III, deceased, by and through his Personal Representative Alison Elizabeth Mrgan,*

---

[1] The Umarex Air Pistol is not a toy, but rather a $CO_2$ powered air pistol that fires steel .177 caliber BBs.

*Individually v. Jon Everette Whitley, J.W. Inc. d/b/a Coastal Firearms*, No. 2023-CP-10-01743 ("Prior Pending Action").

18. Plaintiff filed a Third Amended Complaint in the Prior Pending Action on or about May 18, 2023 ("Complaint"), a copy of which is attached hereto as Exhibit 3.

19. The Complaint in the Prior Pending Action arises from the same underlying facts as this case, raising claims against Coastal Firearms and Whitley for negligence/gross negligence, survival, and wrongful death based on the Incident. Ex. 3 ¶¶ 8-25.

20. On or about June 19, 2023, Coastal Firearms and Whitley filed their Answer to the Complaint in the Prior Pending Action, a copy of which is attached hereto as Exhibit 4.

21. Upon information and belief, Plaintiff has agreed to settle the Prior Pending Action with Coastal Firearms and Whitely, but it still remains pending as of the date this removal is being filed.

**Plaintiff Fraudulently Joined Coastal Firearms and Whitley as Defendants in this Case**

22. Based on the claims in the Prior Pending Action against Coastal Firearms and Whitley arising from the Incident, they were fraudulently joined as defendants in this case and their citizenship should be disregarded for purposes of determining diversity jurisdiction.

23. To establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: (1) "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court;" or (2) "that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 n. 2 (4th Cir. 2014) (quoting *Turner v. JP Morgan Chase Bank, N.A.*, 543 Fed. App'x. 300, 301 (4th Cir. 2013) (per curium)); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (holding fraudulent joinder occurs when there "is no

possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.").

24. Rule 12(b)(8) of the South Carolina Rules of Civil Procedure provides for dismissal on the basis that "another action is pending between the same parties for the same claim."

25. Based on Rule 12(b)(8), South Carolina law requires dismissal of Plaintiff's claims against Coastal Firearms and Whitley in this case. *See Corbett v. City of Myrtle Beach*, 521 S.E.2d 276, 281 (S.C. Ct. App. 1999) (affirming dismissal of a subsequent action pursuant to Rule 12(b)(8) because it "involves the same parties and is based upon the same facts and circumstances as the first two civil actions."); *see also Suber v. Suber*, No. 2005-up-174, 2005 WL 7083531, at *2 (S.C. Ct. App. Mar. 9, 2005) (affirming dismissal of a subsequent action where another action is pending between the same parties for the same claim based on Rule 12(b)(8)).

26. Federal law also provides for dismissal based on the prior action pending doctrine. As explained by the Supreme Court:

> A question which is pending in one court of competent jurisdiction cannot be raised and agitated in another by adding a new party and raising a new question as to him along with the old one as to the former party. The old question is in the hands of the court first possessed of it, and is to be decided by such court. The new one should be by suit in any proper court, against the new party.

*Memphis City v. Dean*, 75 U.S. 64, 73 (1868). *See also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (noting that usually when "there are two competing lawsuits, the first suit should have priority").

27. Based on the above, defendants Coastal Firearms and Whitley are fraudulently joined because Plaintiff cannot recover from them in this case the same relief arising from the Incident that is currently being sought from them in the Prior Pending Action.

28. Upon information and belief, based on the allegations in the Complaint, the amount of controversy with respect to Plaintiff's claims exceeds $75,000, exclusive of interest and costs because Mrgan died as a result of being shot in the face with the Glock Pistol, and is seeking punitive damages in addition to actual damages. Compl. ¶¶ 10, 45.

29. By reason of the amount in controversy and the complete diversity of citizenship between Plaintiff and the properly joined defendants, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

30. Upon filing this Notice of Removal, Umarex will provide prompt written notification to Plaintiff and will file a copy of this Notice of Removal, with the Clerk of the Court of Common Pleas for the Ninth Judicial Circuit of Charleston County, South Carolina.

Based on the above, Umarex hereby removes the action captioned *Stefan Mrgan, III, deceased, by and through his Personal Representative Alison Elizabeth Mrgan, Individually v. GLOCK, Inc., Umarex USA Inc., J.W. Inc. d/b/a Coastal Firearms, and Jon Whitley*, No. 2024-CP-10-05537, from the Court of Common Pleas Ninth Judicial Circuit of Charleston County, South Carolina, to this Court.

Dated: December 13, 2024

                            Respectfully submitted,

                            ROBINSON GRAY STEPP & LAFFITTE, LLC

                            By:    S / J. Michael Montgomery
                                     J. Michael Montgomery
                                     ID No. 10290
                                     mmontgomery@robinsongray.com
                                     2151 Pickens Street | Suite 500
                                     Post Office Box 11449
                                     Columbia, South Carolina 29211
                                     (803) 929-1400

– and –

Christopher Renzulli (pro hac vice to be filed)
crenzulli@renzullilaw.com
Scott C. Allan (pro hac vice to be filed)
sallan@renzullilaw.com
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, New York 10601
 (914) 285-0700

*Attorneys for Umarex USA Inc.*