EXHIBIT 3

ELECTRONICALLY FILED - 2023 May 18 12:52 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1001743

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CIVIL ACTION NO. 2023-CP-10- 01743 |
| ) | |
| Stefan Mrgan, III, deceased, by and ) | |
| through his Personal Representative ) | |
| Alison Elizabeth Mrgan, Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ***THIRD AMENDED* SUMMONS** |
| ) | **(JURY TRIAL DEMANDED)** |
| ) | |
| Jon Everette Whitley, J.W., Inc. d/b/a ) | |
| Coastal Firearms, ) | |
| ) | |
| Defendants. ) | |

**TO:    THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, SC 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

*s/David R. Williams*
David R. Williams, 77899
Virginia W. Williams, 77898
Charlie H. Williams, III, 79897
WILLIAMS & WILLIAMS

ELECTRONICALLY FILED - 2023 May 18 12:52 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1001743

Post Office Box 1084
Orangeburg, S. C.  29116-1084
Phone: (803) 534-5218
david@williamsattys.com
ginny@williamsattys.com
charlie@williamsattys.com

Jerry Andrew Meehan, Jr., (JAM) 102077
Crantford Meehan, Attorneys at Law, LLC.
50 Folly Road
Charleston, SC 29407
Office: 843-376-4030
Fax: 843-900-6141
E-mail: jam@crantfordmeehan.com

ATTORNEYS FOR PLAINTIFFS

May 18, 2023
Orangeburg, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF CHARLESTON )<br>)<br>Stefan Mrgan, III, deceased, by and through )<br>his Personal Representative Alison Elizabeth )<br>Mrgan, Individually, )<br>)<br>        Plaintiffs, )<br>)<br>vs. )<br>)<br>Jon Everette Whitley, J.W., Inc. d/b/a )<br>Coastal Firearms, )<br>        Defendants. )<br>_____ ) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO. 2023-CP-10-01743<br><br><br><br><br><br>**THIRD AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**TO THE DEFENDANTS ABOVE-NAMED:**

The Plaintiffs, complaining of the Defendants, would respectfully show unto the Honorable Court that:

1. The Decedent Stefan Mrgan, III was a citizen and resident of the County of Charleston, State of South Carolina. The Plaintiff, Alison Elizabeth Mrgan, is a citizen and resident of the County of Charleston, State of South Carolina, and is the duly appointed Personal Representative of the Estate of Stefan Mrgan, III, deceased. She brings this action on behalf of the Estate for damages recoverable pursuant to Section 15-5-90, Code of Laws of South Carolina (1976, as amended) for Wrongful Death and for damages recoverable by the statutory beneficiaries of the Decedent pursuant to section 15-51-10, et seq., Code of laws of South Carolina (1976, as amended) for the Survival Action.

2. The Plaintiff, Alison Elizabeth Mrgan, was at all times herein married to and the legal spouse of the Decedent.

3. The Defendant, Jon Everette Whitley upon information and belief, is a citizen and resident of the County of Charleston, State of South Carolina at the time of Plaintiffs' injuries.

4. The Defendant, J.W., Inc., is a corporation that maintains its principal place of business in the County of Berkeley, South Carolina, and transacts business in the state of South Carolina. Further, J.W., Inc., also conducts business as Coastal Firearms, that maintains its principal place of business in County of Berkeley, South Carolina, and transacts business in the state of South Carolina.

## General Factual Allegations

5. On November 2, 2021, the Decedent Stefan Mrgan, III was lawfully and permissively at Coastal Firearms, located at 1161 Cainhoy Road, Wando, South Carolina. Defendant Jon Everette Whitley was also present.

6. At all times herein, the Defendants were aware that multiple firearms were kept in the gun shop, some of the weapons which were loaded.

7. At approximately 5:23 p.m. on November 2, 2021, while in Defendants' gun shop, Defendant Jon Everette Whitley picked up a gun he believed to be a replica, pointed it at Decedent, and pulled the trigger. The gun was not a replica but an actual, loaded gun. The shot was fired, hitting Decedent in the face. Decedent died shortly thereafter.

## FOR A FIRST CAUSE ACTION
### Negligence, Gross Negligence

### (As to Jon Everette Whitley)

8. Plaintiff realleges and reincorporates Paragraphs 1 through 8 above as if fully set forth herein.

9. Defendant Jon Everette Whitley was owner, conducting business and owed to Plaintiff a duty to exercise reasonable care to provide for the safety of his employees and not to put Plaintiff in an unreasonably dangerous situation.

10. While working, Defendant Jon Everette Whitley carelessly and recklessly obtained a handgun and discharged it mortally injuring Plaintiff Stefan Mrgan, III.

11. Defendant Jon Everette Whitley was aware of the inherent hazards of not having his firearms secured or under lock and key while working and conducting a business to the point he was aware of the inherent dangers in handling a firearm while working.

12. Defendant Whitley was further aware that there were loaded guns in his shop but failed to properly secure or distinguish said weapons.

13. The injuries and damages to Plaintiff were the direct and proximate result of the negligence, grossly negligent, willful, wanton, and reckless acts and/or omissions of the Defendant Jon Everette Whitley in one or more of the following particulars:

    a. In not securing the various firearms in the gun shop;
    b. In the mishandling of a firearm resulting in the Plaintiff being shot;
    c. In taking possession of a firearm when not warranted by the circumstances;
    d. In handling a firearm while conducting business; and
    e. Other particulars which will be shown at trial.

14. As a direct and proximate result of the Defendant's negligence and carelessness described above, Plaintiff Stefan Mrgan, III was seriously injured and died on November 2, 2021.

**(As to J.W., Inc. d/b/a Coastal Firearms)**

15. Plaintiff realleges and reincorporates Paragraphs 1 through 17 above as if fully set forth herein.

16. Upon information and belief, J.W., Inc. d/b/a Coastal Firearms is a locally owned gun shop which sells guns and ammunition to its residential community.

17. At all times relevant hereto, J.W., Inc. d/b/a Coastal Firearms was responsible for any individual, employee, agent, servant, or legal representative acting on its behalf or at its

direction and is vicariously liable for the conduct complained of herein regarding the actions or inactions of any of these individuals.

18. Upon information and belief, J.W., Inc. d/b/a Coastal Firearms, leading up to and including the date of the incident, was charged with the duty of protecting its employees and customers and securing the gun shop, and its guests, including both Plaintiff's decedent.

19. The injuries and damages to the Plaintiff were the direct and proximate result of the negligence, grossly negligent, willful, wanton, and reckless acts and/or omissions of the J.W., Inc. d/b/a Coastal Firearms in one or more of the following particulars:

   a. In failing to properly train its employees;
   b. In failing to follow its security policies and procedures resulting in placing Plaintiff in known and obvious danger;
   c. In failing to use the degree of care and caution that a reasonable gun shop would have used under the circumstances then and there prevailing;
   d. In permitting replica guns to be kept on the premises alongside loaded guns;
   e. In allowing easy access to loaded guns on the premises; and
   f. Other particulars which will be shown at trial.

**FOR A THIRD CAUSE OF ACTION**
**SURVIVAL ACTION**
(As to All Defendants)

20. Plaintiff realleges and reincorporates Paragraphs 1 through 20 above as if fully set forth herein verbatim.

21. The injuries and damages to Plaintiff were the direct and proximate result of the negligence, grossly negligent, willful, wanton, and reckless acts and/or omissions of the Defendants in one or more of the following particulars:

   a. In not securing the various firearms in the gun shop;
   b. In the mishandling of a firearm resulting in the Plaintiff being shot;
   c. In taking possession of a firearm when not warranted by the circumstances;
   d. In handling a firearm while conducting business;
   e. Other particulars which will be shown at trial;
   f. In not securing the various firearms in the gun shop;

    g.    In the mishandling of a firearm resulting in the Decedent being shot;
    h.    In taking possession of a firearm when not warranted by the circumstances;
    i.     In allowing the Defendant Jon Everette Whitley access to a firearm; and
    j.     In failing to warn the Decedent when the Defendant Jon Everette Whitley took control of a firearm.

22.    As a direct and proximate result of the negligence, carelessness, recklessness, and gross negligence of the Defendants, Plaintiff Stefan Mrgan III was severely injured and died.

23.    As a direct and proximate result of the incident giving rise to Plaintiff's complaint, the following damages were sustained:

    a.    Physical pain;
    b.    Suffering;
    c.    Mental anguish;
    d.    Incurred cost for medical and funeral expenses.

### FOR A FOURTH CAUSE OF ACTION
### WRONGFUL DEATH
(As to All Defendants)

24.    Plaintiff realleges and reincorporates Paragraphs 1 through 24 above as if fully set forth herein verbatim.

25.    As a result of the above-described acts and/or omissions of the Defendants, Plaintiff and the other statutory beneficiaries of Plaintiff's Decedent have suffered, and will in the future suffer, the following particulars giving rise to a wrongful death action against the Defendants:

    a.    Grief;
    b.    Shock;
    c.    Sorrow;
    d.    Loss of companionship;
    e.    Loss of the deceased's counsel on family matters;
    f.     Emotional distress;
    g.    Pecuniary loss and loss of the financial support of the Decedent;
    h.    funeral expenses.

ELECTRONICALLY FILED - 2023 May 18 12:52 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1001743

WHEREFORE, the Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, for the Plaintiffs' actual and punitive damages, in an amount to be determined by the jury, for reasonable costs for this action, and for such other and further relief as this court may deem just and proper.

        Respectfully submitted,

        _s/David R. Williams_
        David R. Williams, 77899
        Virginia W. Williams, 77898
        Charlie H. Williams, III, 79897
        WILLIAMS & WILLIAMS
        Post Office Box 1084
        Orangeburg, S. C. 29116-1084
        Phone: (803) 534-5218
        david@williamsattys.com
        ginny@williamsattys.com
        charlie@williamsattys.com

        Jerry Andrew Meehan, Jr., (JAM) 102077
        Crantford Meehan, Attorneys at Law, LLC.
        50 Folly Road
        Charleston, SC 29407
        Office: 843-376-4030
        Fax: 843-900-6141
        E-mail: jam@crantfordmeehan.com

        ATTORNEYS FOR PLAINTIFFS

May 18, 2023
Orangeburg, South Carolina

ELECTRONICALLY FILED - 2023 May 18 12:52 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1001743